UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tevin Nathaniel Goodman, | ) C/A No. 8:10-3066-HFF-BHH |
| Plaintiff, | ) |
| vs. | ) |
| State of South Carolina; County of Sumter, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Tevin Nathaniel Goodman (Plaintiff), a self-represented prisoner, brings this action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Sumter Lee Regional Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Background

Plaintiff states that he has been incarcerated on charges of murder and burglary since June 12, 2008. ECF No. 1, page 3. Plaintiff indicates that his lawyer has repeatedly requested discovery materials in Plaintiff's pending state criminal case, to no avail. *Id.* During a bond hearing on November 5, 2010, Solicitor Catherine B. Fant was allegedly ordered to provide Plaintiff with discovery materials by the end of that day. *Id.* However, Plaintiff states that no such materials had been received by his attorney as of the date this complaint was submitted. *Id.* at 4. Plaintiff believes he should "get a dismissal of [his]

2

charges" and that it's "time [his] case was handled correctly."[2] *Id.* at 3.Plaintiff, who also complains that his bond has been denied four times, asks the Court to "help" him with his state criminal case. *Id* at 4.

## Discussion

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff states that he is currently detained awaiting a trial on his state criminal charges. Thus, an ongoing state criminal proceeding clearly exists. The second criteria, whether the proceedings implicate important state interests, has been addressed by the

---

[2] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. To the extent Plaintiff seeks release from confinement, such relief is unavailable under 42 U.S.C. § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

Supreme Court, which held that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). In the instant action, Plaintiff clearly asks this Court to become involved in a pending state criminal case. Thus, the first two prongs of the Fourth Circuit's abstention test are satisfied. Plaintiff indicates that he has already had one opportunity to raise his complaints, regarding the handling of his criminal case, to a state court judge. As Plaintiff and his attorney will have ample opportunity in future criminal proceedings to challenge any discovery materials presented by the solicitor's office, the Court should abstain from interfering in Plaintiff's state criminal case at this time.

It is noted that, had Plaintiff presented facts sufficient to warrant federal court intervention, the instant complaint would still be subject to summary dismissal. First, Defendant State of South Carolina is protected from suit by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974); *Hans v. Louisiana*, 134 U. S. 1 (1890). State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies and instrumentalities.

4

*See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). As the State of South Carolina is immune from suit, this Defendant would be entitled to summary dismissal from this case.

Next, Plaintiff's claims against the County of Sumter for a violation of his constitutional rights would also fail. Municipal liability is based on execution of a governmental policy or custom, *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), and a municipality may not be held liable under § 1983 solely because it employs the tort-feasor. Rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir. 2004). The instant complaint fails to identify any policy or custom of the County of Sumter, which caused Plaintiff's federal rights to be violated. As Plaintiff fails to state a claim against the County of Sumter, this Defendant would also be entitled to dismissal from this action.

Finally, although not named as a defendant in the complaint's caption or "parties" section, Solicitor Catherine B. Fant, would be immune from any claim for damages associated with this Solicitor's prosecution of Plaintiff's criminal case.[3] Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, -

---

[3] Catherine B. Fant has not been added to the Court's docket as a defendant in this case because Plaintiff did not clearly list Solicitor Fant as a defendant in the pleading or provide any service documents for this individual.

- - U.S. - - - -, 129 S.Ct. 855, 861 ( 2009)("[W]e have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." (citations omitted)). *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). As Solicitor Fant is named in the body of the pleading for actions taken during the prosecution of Plaintiff's criminal case, this individual would be entitled to absolute immunity insofar as her prosecutorial actions are concerned.

## Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

                                                           s/Bruce Howe Hendricks
                                                           United States Magistrate Judge

December 14, 2010
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).